(45 Misc. 336)

## In re WITTE.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—INSOLVENCY OF ASSIGNEE—
RECEIVER—COLLECTION OF RENTS—RIGHTS OF PRINCIPAL LESSEE.

A receiver appointed in supplementary proceedings by judgment creditors against insolvent assignees of a lease will not be required to collect rent from a subtenant of the insolvents on a petition by one of the principal lessees, merely because the petitioner as lessee is liable to the landlord, who had died leaving an infant son, so that, at the time of filing the petition, there was no person to whom petitioner might pay the rent due for the purpose of fixing his claim against the insolvents and placing it in judgment; it appearing from the opposing affidavits of the receiver that the principal lease called for a rental in excess of that which might be obtained from the subtenant, or from a new tenant in case of dispossession of the subtenant, and that the insolvents' estate might suffer should the receiver recognize the principal lessee for the purpose of obtaining rent from such subtenant.

Appeal from City Court of New York, Special Term.

Petition by Christopher H. Witte against James R. Torance, receiver of Roggenkamp & Munn, judgment debtors, for an order directing the receiver to proceed to collect certain rent due from a tenant of the judgment debtors. From an order denying the motion, petitioner appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry Cooper, for appellant.
Theodore H. Friend, for respondent.

BISCHOFF, J.   The petitioner is one of the lessees of certain premises under a lease made by one Murphy, as landlord, which lease was assigned by the petitioner and his co-lessee to the firm of Roggenkamp & Munn, of whose assets the respondent was appointed receiver in supplementary proceedings at the instance of certain judgment creditors.   One Ernst is a tenant of the judgment debtors under a monthly letting, and, the rent from Ernst not having been collected by the receiver, the petitioner made this motion for a direction that the receiver proceed to collect the rent, the ground of the application being that the petitioner, as lessee under

the principal lease, is liable to his landlord, and that if the receiver permits the present tenant to occupy, without the payment of rent, so much will be lost which otherwise may be applied in part to a reduction of his (petitioner's) ultimate liability to the landlord. It is alleged in the petition that by reason of the death of Murphy (the landlord), leaving an infant son, there is at present no person to whom the petitioner may pay the rent due, under the principal lease, for the purpose of fixing his claim against these judgment debtors and placing it in judgment, hence that.he cannot protect himself as a judgment creditor, but appeals to the discretion of the court to protect him by granting the relief prayed for in the petition. In his opposing affidavit the respondent receiver discloses the fact to be that the principal lease calls for a rental in excess of the rent which might be obtained either from the present tenant or from a new tenant, if he should proceed to dispossess the former, and therefore it is urged that, in the receiver's opinion, the estate would suffer should he recognize the principal lease for the purpose of obtaining rent from this tenant.

Where a receiver declines to recognize and enforce a lease which is not otherwise enforceable as against him, the court will not interfere with his discretion, at least in the case where apparently sufficient reason exists for apprehending that the estate will be prejudiced should the lease be recognized. 1 McAdam, Landlord and Tenant, 211. Here the petitioner is not a judgment creditor, and to grant his application would be to subject the assets available to the satisfaction of the demands of the vigilant creditors to possible loss and diminution, against the reasonable protest of these judgment creditors through the receiver. Any hardship in petitioner's position by reason of the death of the landlord is something for which the judgment creditors are in no way responsible, and their remedy should not be impaired in an endeavor to give him a better case. Whatever other remedy this petitioner may have need not be pointed out at this time. The relief sought in his application to the court below was properly and necessarily denied.

Order affirmed, with costs and disbursements. All concur.